UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH D. WALKER WASHINGTON, JR.,

                Plaintiff,

       -against-

DOWNSTATE ADMINISTRATIVE NURSE; MS.
DINELIO, Albany Medical Director,

                Defendants.

21-CV-7159 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* action alleging that Defendants denied him medical treatment. He names as Defendants an Administrative Nurse at Downstate Correctional Facility (as a Doe defendant) and Ms. Dinelio, an "Albany Medical Director" at the Department of Corrections and Community Supervision (DOCCS). Plaintiff invokes this Court's subject matter jurisdiction under both the federal question and diversity of citizenship statutes and claims that Defendants violated unspecified federal laws and committed medical malpractice, a state-law claim.

      By order dated September 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

The following facts are taken from the complaint: In 2016, while in the custody of the City of New York Department of Correction, Plaintiff was prescribed the medication, Paxil, without being informed of its side effects. At some later point, Plaintiff "went to medical for a call-out to see the Nurse Practitioner . . . when [Plaintiff] told her about the pain that [he had] in [his] chest." (ECF 2, at 4). The Nurse – who appears to be Defendant "Downstate Correctional Facility Administrative Nurse" – informed Plaintiff that his "chest is swollen and put [him] in to take Blood for [his] (Prolactin Level and [his] Testosterone Level)[.] She asked [Plaintiff] what medication [he] was taking." (*Id.*)

Plaintiff further alleges that "[s]ince then [he] went to see [a] specialist in the outside hospital and Coxsackie C.F. . . . [and] [t]he Endocrinology told [him] that [he] need[ed] surgery[,] [but] [t]he Regional Medical Director in Albany denied [him]." (*Id.*) He also alleges that "[t]hey sent [him] out to see endocrinology and [he] went to Albany Medical Center for an elevated Prolactin level." (*Id.* at 5.)

Plaintiff states that he suffers from gynecomastia – breast enlargement – and currently is in pain.

According to publicly available records maintained by the New York State Department of Corrections and Community Supervision (DOCCS), DOCCS took custody of Plaintiff on July 13, 2017.

## DISCUSSION

Because Plaintiff alleges that he has been denied surgery while in the custody of DOCCS, the Court construes the complaint as asserting, pursuant to 42 U.S.C. § 1983, a claim under the Eighth Amendment for denial of medical care.

To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts suggesting that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment.

3

*Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the correctional staff possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

Plaintiff fails to state an Eighth Amendment claim against Defendants because he does not appear to satisfy either component of such a claim; that is, he does not allege facts suggesting that either Defendant was aware of a substantial risk of serious harm to his medical condition, and then ignored that risk. Plaintiff does not satisfy the objective component because he states only that he experiences pain associated with his gynecomastia, not that the condition poses an unreasonable risk of serious damage to his health. But even assuming that Plaintiff's condition does pose such a risk to his heath, he does not satisfy the subjective component with respect to both defendants. His allegations against the Administrative Nurse at Downstate indicate that she provided treatment – by taking his blood and asking him questions about his medications – not

4

that this Defendant ignored a serious risk to his health. The allegations regarding the DOCCS medical director suggest that this Defendant concluded that Plaintiff did not require surgery, after another doctor concluded that he did. While these allegations suggest that the medical director simply disagreed over his treatment, which cannot be the basis for a section 1983 lawsuit, *see Chance*, 143 F.3d at 703, the allegations may be construed as suggesting that the medical director ignored a risk to Plaintiff's medical condition.

Because Plaintiff may be able to assert facts suggesting that the medical director showed deliberate indifference to a serious medical condition, the Court grants him leave to file an amended complaint. As detailed below, Plaintiff's amended complaint should include approximate dates and locations of each event giving rise to his claims. The Court notes that Plaintiff's claims against the medical director arose in Albany County, where Plaintiff states he received treatment. If the amended complaint indicates that venue for Plaintiff's claims is proper in the Northern District of New York, the district in which Albany County is located, *see* 28 U.S.C. § 112(a), the Court may be inclined to transfer this action to that district.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as **"John Doe" or "Jane Doe"**

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

in both the caption and the body of the amended complaint.³ The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event**, **and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

³ For example, a defendant may be identified as: "Administrative Nurse John Doe #1 on duty August 31, 2017, at Downstate Correctional Facility, during the 7-3 p.m. shift."

Because Plaintiff's amended complaint **will completely replace**, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7159 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 8, 2021
          New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                           State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____    Plaintiff's Signature _____

First Name _____   Middle Initial _____   Last Name _____

Prison Address _____

County, City _____   State _____   Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____