UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH D. WALKER WASHINGTON, JR.,

                    Plaintiff,

    v.

JOHN MORLEY, *et al.*,

                    Defendants.

No. 21-CV-7159 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff, currently incarcerated at Woodbourne Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his rights by failing to inform him of the potential side effects of medications prescribed to treat Plaintiff's mental health conditions, which have caused him to develop gynecomastia. (*See* Am. Compl. (Dkt. No. 7).) By order dated September 23, 2021, Chief Judge Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (*See* Dkt. No. 4.) On April 13, 2022, the Court received Plaintiff's Application for the Court to Request Pro Bono Counsel. (*See* Appl. for the Ct. to Req. Pro Bono Counsel ("Pl.'s Appl.") (Dkt. No. 13).) For the following reasons, Plaintiff's request is denied without prejudice.

    Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, courts are instructed to undertake a two-step inquiry. *See*

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("The [c]ourt considers motions for appointment of counsel by asking first whether the claimant has met 'a threshold showing of some likelihood of merit.'" (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989))). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

If this threshold requirement is met, the Court should proceed to consider other prudential factors, such as:

> [Plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], [Plaintiff's] ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Further, 'the Second Circuit has interpreted 28 U.S.C. § 1915(e)(1) to require that the plaintiff be unable to obtain counsel before appointment will even be considered.'" *Escobar v. Nassau Cnty. Corr. Ctr.*, No. 21-CV-2145, 2021 WL 2323788, at *1 (E.D.N.Y. May 28, 2021) (alterations omitted) (quoting *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020)); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is

unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

Plaintiff states in his submission that he has contacted only two attorneys, one of whom informed Plaintiff that she was unable to take on Plaintiff's suit and one of whom did not respond to Plaintiff's inquiry. (*See* Pl.'s Appl. 2.) While the Court appreciates Plaintiff's efforts thus far to obtain counsel, his search has not been exhaustive—Plaintiff has not, for instance, reached out to any bar associations, legal aid societies, or other pro bono organizations—and in any event, this factor alone does not outweigh the other *Hodge* factors discussed below. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (denying the plaintiff's motion to appoint pro bono counsel where the plaintiff's "search [for an attorney] was certainly not an exhaustive one"); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (finding that a plaintiff's search for an attorney "was not exhaustive" where the plaintiff "d[id] not say that he also attempted to obtain counsel through legal clinics or other non-profit organizations and was unsuccessful").

Regarding the first prong of the two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Amended Complaint liberally and assumes without deciding that it has "some likelihood of merit" such

that it satisfies the threshold requirement under *Hodge. Johnston*, 606 F.3d at 41 (quotation marks omitted).  As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated why he needs counsel.  Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel.  Plaintiff's "properly filed submissions have been filed with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey his arguments to the Court, *see Guzman v. Jacobson*, No. 99-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] to the [c]ourt that [the] plaintiff is capable of presenting his positions clearly").  (*See generally* Am. Compl.)

While Plaintiff says he is a "layman to the law," (Pl.'s Appl. 1), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773 at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alterations omitted)). Plaintiff also explains hat he "cannot always get to the law library," (Pl.'s Appl. 1), but there is no "abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and this concern can be easily allayed by liberal briefing schedules going forward.  Additionally, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2.

Plaintiff also represents that he is in the "Special Needs Unit," (Pl.'s Appl. 1), presumably based on his mental health challenges, (*see* Dkt. No. 12). "Although a plaintiff's disability can support an application for counsel, here, Plaintiff does not detail the nature or extent of his disability." *Walters v. NYC Health Hosp. Corp.*, No. 02-CV-751, 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002) (citation omitted). "[I]n the absence of any supporting medical evidence, [P]laintiff has not demonstrated that his [mental illness] presents a permanent hindrance to him prosecuting his case." *Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017) (citing cases).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances. The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. No. 13), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   April 19, 2022
         White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge