UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH D. WALKER WASHINGTON,
JR.,

                              Plaintiff,

     v.

JOHN MORLEY, *et al*.,

                            Defendants.

No. 21-CV-7159 (KMK)

OPINION & ORDER

Appearances:

Jeremiah D. Walker Washington, Jr.
Brooklyn, NY
*Pro se Plaintiff*

Kathryn E. Martin, Esq.
Robert Cosgrove Feliu, Esq.
Office of the New York Attorney General
White Plains, NY
*Counsel for Defendant John Morley*

KENNETH M. KARAS, United States District Judge:

    Jeremiah Walker Washington, Jr. ("Plaintiff"), proceeding pro se, brings this Action against Chief Medical Director John Morley ("Morley"), Dr. Mikhail Gusman, Richard D'Amico, Jon Miller, Mario Malvarosa, Razia Ferdous, Lara Darling, Patrick Bigaud, Alexander Berger, Anjum Haque, Noriel DeGuzman, Dr. David Dinello, Kausar Chaudhry, Mary Jo Hughes, Abdul Qayyum, and Dr. Susan Mueller (together with Morley, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging several claims sounding in deliberate indifference, medical negligence and indifference, delay and/or denial of medical treatment, cruel and unusual punishment, and intentional infliction of emotional distress. (*See generally* Third Am. Compl.

("TAC") (Dkt. No. 43).)¹  Before the Court is Morley's Motion to Dismiss.  (*See* Not. of Mot. (Dkt. No. 48).)  For the foregoing reasons, the Motion is denied.

## I.  Background

### A.  Factual Background

The following facts are taken from Plaintiff's Third Amended Complaint, (*see* TAC), and are assumed true for purposes the instant Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff's allegations largely resemble those in his Second Amended Complaint, which the Court examined in its prior Opinion.  *See Washington v. Downstate Admin. Nurse*, No. 21-CV-7159, 2023 WL 6282920, at *1–2 (S.D.N.Y. Sept. 26, 2023).  (*Compare* TAC, *with* Second Am. Compl. (Dkt. No. 22).)  However, Plaintiff adds a few relevant allegations.

The core of this Action remains the same.  Plaintiff alleges that he was prescribed medication by individuals at several New York correctional facilities without anyone alerting him to possible side effects.  (*See* TAC ¶¶ 1–6.)  Specifically, he was prescribed Paxil, Keppra, and Dilentin—all of which are alleged to have "potential[ly] dangerous side effects."  (*Id*. ¶ 2.)

In August 2018, Plaintiff began experiencing "pain on both sides of his chest" in addition to "soreness, swelling of the chest[,] and discharge."  (*Id*. ¶ 5.)  Later, on March 6, 2019, Plaintiff saw an endocrinologist at the Coxsackie Correctional Facility Regional Medical Unit who diagnosed Plaintiff with "gynecomastia," or the enlargement of male breast tissue.  (*Id*. ¶ 11.)  The endocrinologist determined that the condition resulted from side effects of Plaintiff's medication and recommended surgery.  (*Id*. ¶¶ 11–12.)  After four follow-up visits, the endocrinologist submitted a final recommendation for a bilateral mastectomy in October 2019.

---

¹ To date, no Defendant besides Morley has been served.  (*See* Dkt.)

(*Id.* ¶ 13.)  That recommendation was denied, although Plaintiff does not allege by whom.  (*Id.* ¶ 14.)

Plaintiff continued to complain about extreme pain from his condition and obtained a second referral to surgery in October 2020.  (*See id.* ¶ 15.)  He alleges that several layers of officials denied that referral.  First, the request was submitted to, and denied by, Regional Medical Director Susan Mueller.  (*Id.*)  Second, perhaps in a further layer of review, the request was "ultimately denied" by Defendant Dr. David Dinello.  (*Id.* ¶ 16.)  Third, and crucially, he also alleges that the request was "denied by 'Central Office' Medical Chief Officer, John Morley."  (*Id.* ¶ 15.)

In a separate section of the TAC, which the Court interprets to plead additional facts, Plaintiff gives some additional detail about Defendant Morley's alleged role.[2]  He alleges that Morley makes final decisions as to treatments for incarcerated individual at DOCCS facilities.  (*Id.* at 8.)  And Plaintiff also claims that Morley "outright denied [his] request for medical care, knowing that the treatment would alleviate [his] excruciating pain."  (*Id.* at 9.)

Plaintiff alleges that he now "suffers from permanent pain and damage" because of Defendants' "failure to act diligently [in response] to [P]laintiff's constant complaints."  (*Id.* ¶ 20.)

---

[2] This portion of the TAC is styled, almost like a section of a brief, to argue that Plaintiff has adequately plead personal involvement.  (*See* TAC at 8–9.)  However, courts routinely consider new facts raised in argumentative portions of a pro se litigant's papers if they are consistent with the complaint.  *See Schwartz v. Middletown City Sch. Dist.*, No. 23-CV-1248, 2024 WL 1257095, at *1 n.4 (S.D.N.Y. Mar. 25, 2024) ("Courts in pro se cases routinely consider 'new facts raised in opposition papers to the extent that they are consistent with the complaint.'" (quoting *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018))).

B. Procedural History

On September 26, 2023, the Court granted Morley's Motion to Dismiss and gave Plaintiff 30 days leave to file an amended complaint. (*See* Op. and Order (Dkt. No. 41).) After an extension, (Dkt. No. 42), Plaintiff filed the TAC on December 4, 2023. (*See* Dkt. No. 43.)[3]

On December 20, 2023, Morley filed a pre-motion letter in anticipation of the instant Motion, (Not. of Mot. (Dkt. No. 46)), and the Court set a briefing schedule in lieu of a premotion conference, (*see* Order (Dkt. No. 47)). Pursuant to that schedule, Morley filed the instant Motion on January 17, 2024. (*See* Not of Mot.; Def's Mem. in Supp. of Mot. ("Def's Mem.") (Dkt. No. 49).)

On March 8, 2024, Morley filed a letter requesting that the Court to deem the Motion fully submitted because Plaintiff had not filed an opposition as directed by the Court's Order or requested an extension. (Letter from Robert Feliu, Esq., to Court (Mar. 8, 2024) ("March 8 Letter") (Dkt. No. 50).) *See Veras v. Jacobson*, No. 18-CV-6724, 2022 WL 2133842, at *3 (S.D.N.Y. June 14, 2022) (deeming motion fully submitted where pro se litigant "did not file any papers or information in response" (citing *Wilson v. Pessah*, No. 05-CV-3143, 2006 WL 2668175, at *2 (E.D.N.Y. Sept. 15, 2006) ("[I]f [a] pro se plaintiff fails to file opposition papers or seek an extension of time by [the deadline to respond to the motion], no reply shall be filed, and this Court will deem the motion fully submitted." (italics omitted))))). The Court granted that request the same day and stated that it would consider the Motion on its merits. (*See* Memo Endorsement (Dkt. No. 51).) Then, on March 22, 2024, Plaintiff filed an Opposition and included an affidavit of service claiming he served the Opposition on February 14, 2024. (*See* Letter from Jeremiah Walker Washington, Jr., to Court (Mar. 22, 2023) (Dkt. No. 52).) As

---

[3] The TAC appears on the docket as a "Notice of Motion Order to Amend Complaint," but the document itself contains Plaintiff's Amended Complaint. (*See* Dkt.; TAC.)

4

explained below, the Court need not address that service issue as the TAC states plausible claims on its face. *See Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) (reversing grant of unopposed motion to dismiss because "under [the court's] reading of the allegations . . . [the complaint was] sufficient to withstand a motion to dismiss").

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id*. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw all reasonable inferences in the plaintiff's favor," *Div. 1181*, 9 F.4th at 95 (citation omitted). Additionally, "when ruling on a Rule 12(b)(6) motion to dismiss," district courts are directed to confine their consideration to "the complaint in its entirety, . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (quotation marks omitted); *see also Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 240 (S.D.N.Y. 2021) (same). However, when the complaint is filed by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), and "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

The court must "construe a pro se complaint 'liberally to raise the strongest arguments it suggests.'" *Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021) (italics omitted) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)). However, "the liberal treatment afforded to

pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and citation omitted)).

### B.  Analysis

As an initial matter, Morley asks the Court to grant the Motion because Plaintiff did not respond. (*See* March 8 Letter.) A pro se litigant's non-response, however, "does not necessarily justify dismissal." *Burns v. Fischer*, No. 13-CV-486, 2014 WL 1413170, at *2 (N.D.N.Y. Apr. 11, 2014). Instead, courts deciding "an unopposed motion to dismiss . . . assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Joseph v. Castillo*, No. 20-CV-3957, 2022 WL 4485061, at *2 (E.D.N.Y. Sept. 27, 2022) (quoting *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018)); *see also Haas v. Com. Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) ("[F]ailure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (explaining that "a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint" and that "[t]he same principle is applicable to a motion pursuant to Fed. R. Civ. P. 12(b)(6)" (citation omitted))). Thus, the Court rejects this argument.

### 1. Personal Involvement

The substance of Defendant's Motion argues that Plaintiff did not plead Morley's personal involvement in any of the alleged constitutional violations. (*See generally* Def's Mem.) The Court outlined the relevant law in its prior Opinion. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under [42 U.S.C.] § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."

7

*Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Davila v. Johnson*, No. 15-CV-2665, 2015 WL 8968357, at *4 (S.D.N.Y. Dec. 15, 2015) ("It is well settled in th[e Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983." (citation and quotation marks omitted)). In doing so, "a plaintiff may not rely on a special test for supervisory liability. Rather, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676)); *see also Leneau v. Ponte*, No. 16-CV-776, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) (dismissing allegations against a defendant for lack of personal involvement because the "[p]laintiff's general allegation that all defendants were involved in the alleged constitutional violations does not rescue the claims against" a particular defendant).

On its face the TAC contains two specific references to Morley. Plaintiff alleges that his "General Surgery consult was . . . denied by 'Central Office' Medical Chief Officer[] John Morley," (TAC ¶ 15), and that "upon request of [the] Regional Director," Morley "ignored and outright denied [P]laintiff's request for medical care," (*id*. at 9). To be sure, there are other portions of the TAC that allude to Morley serving a purely supervisory role, (*see id*. ¶ 16 ("This surgery request was ultimately denied by Regional Medical Director Dr. Dinello who . . . [is] advised under John Morley[.]")), and portions that suggest that Plaintiff merely submitted complaints to Morley's department, (*see id*. ¶ 20 (discussing Defendants alleged failure to "act diligently [in response] to [P]laintiff's constant complaints")). The Court, however, is obligated to construe Plaintiff's allegations, however thin, to raise "the strongest [claims] they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). And these clear

8

statements that Morley, himself, denied Plaintiff's request for treatment plausibly allege Morley's personal involvement in the alleged misconduct. *See Allen v. Koenigsmann*, No. 19-CV-8173, 2022 WL 1597424, at *10 (S.D.N.Y. May 19, 2022) (holding "[p]laintiffs have adequately alleged Morley's personal involvement" based on allegations that he received and dismissed letters advocating for certain medical treatments); *Taveras v. Semple*, No. 15-CV-531, 2023 WL 112848, at *12 (D. Conn. Jan. 5, 2023) (noting the court's previous holding that the plaintiff had adequately alleged personal involvement where the plaintiff "met with [prison medical] professionals during the relevant time period and [] they failed to provide him with treatment"); *Bushey v. Morley*, No. 21-CV-76, 2021 WL 4134794, at *3 (N.D.N.Y. Sept. 10, 2021) (holding Morley personally involved based on allegations that he "repeatedly denied [the plaintiff's] requests for testosterone treatment").

 Defendant entirely fails to address these allegations, asserting instead that his only connection to this case is "his placement within the DOCCS chain of command." (*See* Def's Mem. 5.) That statement is incorrect, and Plaintiff's allegations differentiate this Action from the mine run of cases cited by Morley where plaintiffs allege only that complaints were filed with a supervisor's office. *See, e.g.*, *Weston v. Bayne*, No. 22-CV-621, 2023 WL 8435998, at *5 (N.D.N.Y. June 28, 2023) (finding no personal involvement where the plaintiff only alleged that "he filed a grievance complaint with [the defendant]" regarding medical care), *report and recommendation adopted*, 2023 WL 8183219 (N.D.N.Y. Nov. 27, 2023); *McTerrell v. Koenigsmann*, No. 18-CV-1028, 2021 WL 5772484, at *11 (W.D.N.Y. Aug. 18, 2021) (finding no personal involvement where the complaint did not allege that the defendant "reviewed [the plaintiff's] complaints specifically"), *report and recommendation adopted*, 2021 WL 4549168 (W.D.N.Y. Oct. 5, 2021). Morley, moreover, makes no argument as to why the new allegations

are inconsistent with any other part of the TAC, or offers any other reason the Court should not consider them.

Accordingly, Defendant's Motion is denied. *See Joseph v. Annucci*, No. 18-CV-7197, 2020 WL 409744, at *9 (S.D.N.Y. Jan. 23, 2020) (denying in part a defendant's unopposed motion to dismiss); *see also J.H. v. City of Mount Vernon*, No. 18-CV-4399, 2019 WL 1639944, at *4 (S.D.N.Y. Apr. 15, 2019) (same).

### 2. Unserved Defendants

The Court notes that only Morley has been served despite summonses having issued as to all Defendants on August 23, 2022. (*See* Dkt. No. 25.) Plaintiff, who is proceeding in forma pauperis, was entitled to rely on the United States Marshals to effect service. *See* Fed. R. Civ. P. 4(c)(3); *see also Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). Yet, according to the docket, the Marshals failed to serve the other Defendants even though they received the relevant materials. (*See* Dkt. (entry for August 23, 2022).) Morley noted that service issue in a December 15, 2022, letter regarding a prior motion to dismiss. (*See* Letter from Katheryn Martin, Esq., to Court (Dec. 15, 2022) (Dkt. No. 30).) Plaintiff responded seeking clarification about his service obligations. (*See* Letter from Jeremiah Walker Washington, Jr., to Court (Jan. 11, 2023) (Dkt. No. 33).) However, it does not appear that any of the subsequent documents filed in this case addressed those obligations, so the Court does so now.

Plaintiff, proceeding in forma pauperis, is entitled to "rely on the Marshals to serve the relevant parties[.]" *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). But if "it becomes apparent that the Marshals [did] not accomplish [service] by the Rule 4(m) or court-ordered deadline, [the plaintiff] must advise the district court that [he] is relying on the Marshals to effect service and request a further extension of time for them to do so." *Id.*; *see also Brooks v. Educ.*

*Bus Transp.*, No. 14-CV-3237, 2015 WL 7012924, at *8 (E.D.N.Y. Nov. 12, 2015) ("[A]lthough a plaintiff's in forma pauperis status may relieve [him] of the burden to personally serve the defendants, [he] cannot stand idle upon learning that the efforts by the USMS to serve a particular defendant have been unsuccessful." (italics and internal quotation marks omitted)).

Here, Plaintiff did not request an extension and it is well beyond Rule 4(m)'s typical 90-day deadline. (*See generally* Dkt.) The Second Circuit has emphasized, however, that "a district court abuses its discretion when, among other things, it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Meilleur*, 682 F.3d at 61 (italics omitted); *see also Kotler v. Boley*, No. 17-CV-239, 2021 WL 2209874, at *1 (S.D.N.Y. June 1, 2021) (same).

Accordingly, "the Court provides notice that Plaintiff must within 30 days request an extension of time to serve [the remaining Defendants] or his claims against these [u]nserved Defendants may be dismissed." *See Miller v. Annucci*, No. 17-CV-4698, 2021 WL 4392305, at *8 (S.D.N.Y. Sept. 24, 2021).

III.  Conclusion

For the aforementioned reasons, the Motion is denied.  Plaintiff must request an extension of time to serve the remaining Defendants within 30 days of this Opinion and Order.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (*See* Dkt. No. 48.)  SO ORDERED.

Dated:   September 20, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge