UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH D. WALKER WASHINGTON, JR.,

                          *Plaintiff*,

        v.

JOHN MORLEY, *et al.*,

                          *Defendants*.

No. 21-CV-7159 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff Jeremiah D. Walker Washington, Jr., proceeding pro se, brings this Action against Chief Medical Director John Morley ("Morley"), Dr. Mikhail Gusman, Richard D'Amico, Jon Miller, Mario Malvarosa, Razia Ferdous, Lara Darling, Patrick Bigaud, Alexander Berger, Anjum Haque, Noriel DeGuzman, Dr. David Dinello, Kausar Chaudhry, Mary Jo Hughes, Abdul Qayyum, and Dr. Susan Mueller (together with Morley, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging several claims sounding in deliberate indifference, medical negligence and indifference, delay and/or denial of medical treatment, cruel and unusual punishment, and intentional infliction of emotional distress. (*See generally* Third Am. Compl. (Dkt. No. 43).)

    On September 20, 2024, the Court denied Morley's Motion to Dismiss. (*See* Dkt. No. 54.) The Court noted that the U.S. Marshals had not served the remaining Defendants. (*See id.* at 10). Accordingly, the Court granted Plaintiff thirty days to request an extension of time to serve the remaining Defendants, or his claims against those remaining, unserved Defendants may be dismissed. Plaintiff did not request an extension or otherwise communicate with the Court. (*See generally* Dkt.) On November 22, 2024, the Court issued an Order to Show Cause as to

why Plaintiff's claims against the remaining, unserved Defendants should not be dismissed for failure to prosecute. (Dkt. No. 55.) Again, Plaintiff did not show cause or otherwise communicate with the Court. (*See generally* Dkt.) On December 27, 2024, Morley filed a letter "requesting that the remaining claims against the presently unserved Defendants be dismissed with prejudice because the Plaintiff has failed to prosecute those claims, and to date has failed to comply with either the September 20, 2024, or November 22, 2024, Court's orders." (Dkt. No. 56 at 2.) On January 3, 2025, the Court directed Plaintiff to respond to Morley's letter, and that failure to do so could result in dismissal of the Action as a whole. (Dkt. No. 57.) Again, Plaintiff did not comply with the Court's order or otherwise communicate with the Court. (*See generally* Dkt.) On January 30, 2025, and February 25, 2025, Morley renewed his request. (*See* Dkt. Nos. 58, 59.) As of the date of this Order, Plaintiff has not responded to the Court's orders dated September 20, 2024, November 22, 2024, and January 3, 2024. In fact, Plaintiff has not communicated with the Court in any way since his June 11, 2024, letter notifying the Court of a change of address.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. First, that Plaintiff has failed to participate in this Action for the last eight months weighs in favor of dismissal. *See Early v. Little Flower Child. & Fam. Serv. of New York*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of

noncompliance amounted to pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing pursuant to Rule 41(b) where pro se plaintiff was noncompliant for eight months).

Second, Plaintiff received notice multiple times that failure to request an extension, or show cause, or respond to the Court's orders could result in dismissal. (*See* Dkt. Nos. 54, 55, 57.)

Third, prejudice to Morley is presumed where, as here, "a plaintiff's delay is 'lengthy and inexcusable.'" *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Fourth, dismissal of the Action is not on the merits "and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1.

Finally, the Court has "considered the possibility of a less drastic sanction than dismissal," *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order); *Pepe*, 2025 WL 370964, at *2 (same), but finds that, as Plaintiff appears to "ha[ve] abandoned this matter," dismissal of the Action is appropriate, *cf. Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).

Accordingly, the Action is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *2 (N.D.N.Y. Sept. 9,

2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months (emphasis removed)).

Accordingly, it is hereby:

ORDERED that the Action is dismissed without prejudice for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962))).

The Clerk of Court is respectfully directed to close the case and mail a copy of this Order to Plaintiff's address.

SO ORDERED.

DATED:   February 26, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE